## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

JAMES E. JOLES,

    Plaintiff,

    v.

DELAWARE DEPARTMENT OF
JUSTICE,
KATHY JENNINGS, in her official
capacity as Attorney General and in
her individual capacity, and
ALEXANDER MACKLER, in his
official capacity as Chief Deputy
Attorney General and in his individual
capacity, and
JOHN DOES, unknown number,
being all members of the Brady Board
from July 2018 through present, in their
official and in their individual
capacities,

    Defendants.

C.A. No.:

TRIAL BY JURY DEMANDED

COMPLAINT and

WRIT OF MANDAMUS

COMES NOW, Plaintiff James E. Joles, by and through his attorneys, Schmittinger & Rodriguez, P.A., and complains against captioned Defendants pursuant to 42 U.S.C. § 1983 of violations of his right to due process under the Fourteenth Amendment of the United States Constitution which have led to a deprivation of his property interest in employment, and complains of violations of his right to due process under Article I, section 7 of the Delaware Constitution which have led to a deprivation of his property interest in employment, and further petitions

this Court for a Writ of Mandamus directing the Delaware Department of Justice to remove him from the "Brady List" and refrain from providing information about any alleged incident the Delaware Department of Justice believes should be provided as "Brady material" until such time as Plaintiff has had a fair and impartial hearing on any such alleged incidents. In support thereof, Plaintiff states as follows:

### The Parties

1.     Plaintiff James E. Joles ("Plaintiff") is a resident of the State of Delaware residing at 185 High Tide Drive, Fredrica, DE 19946.

2.     Defendant Delaware Department of Justice ("DOJ") is a state office created by statute and may be served by serving the Attorney General of the State of Delaware or the Chief Deputy Attorney General of the State of Delaware.

3.     Defendant Kathy Jennings ("Jennings") is the Attorney General of the State of Delaware and may be served at her place of employment, Delaware Department of Justice, Carvel State Building, 820 N. French St., Wilmington, DE 19801.

4.     Defendant Alexander Mackler ("Mackler") is the Chief Deputy Attorney General of the State of Delaware and may be served at his place of employment, Delaware Department of Justice, Carvel State Building, 820 N. French St., Wilmington, DE 19801.

5.      John Does, number to be determined, comprising all members of the "Brady Board" between July 2018 and present. Members of the Brady Board may be served at their place of employment, Delaware Department of Justice, Carvel State Building, 820 N. French St., Wilmington, DE 19801.

### Jurisdiction and Venue

6.      This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation of Plaintiff's property right in his employment without due process in violation of the Fourteenth Amendment to the United States Constitution. This Court has jurisdiction to hear a claim of a violation of 42 U.S.C. § 1983 pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

7.      This action also seeks to redress the deprivation of Plaintiff's property right in his employment without due process in violation of Article I, section 7 of the Delaware Constitution. This Court has supplemental jurisdiction of the related state law claims pursuant to 28 U.S.C. § 1367.

8.      To the extent this Court is unable to provide injunctive relief under 42 U.S.C. § 1983, Plaintiff requests this Court issue a Writ of Mandamus directing the DOJ to remove Plaintiff from the "Brady List" and refrain from providing information about any alleged incident the DOJ believes should be provided as "Brady material" until such time as Plaintiff has had a fair and impartial hearing on any alleged incidents the DOJ claims as reason for placing Plaintiff on the Brady

3

List. This Court has supplemental jurisdiction of the related state law claims pursuant to 28 U.S.C. § 1367.

9.    Venue is proper for each claim pursuant to 28 U.S.C. § 1391(b) as all parties to the action reside in this judicial district and all events giving rise to the claims asserted herein occurred in this judicial district.

**Factual Background**

10.    Plaintiff was hired by the Milford Police Department on or about August 1, 2017.

11.    Plaintiff's employment was subject to a union contract between the City of Milford and General Teamsters Local 326 (the "Union Contract") which covered all full-time officers at or below the rank of sergeant.

12.    Under the terms of the Union Contract, Plaintiff was placed on probationary status as a new hire with a current Delaware Police Certification.

13.    The Union Contract stated an employee may be dismissed for reasons of performance during the probationary period; however, disciplinary cases shall be subject to the Law Enforcement Officer's Bill of Rights.

14.    On or about August 10, 2018, Sergeant Dwight Young ("Sgt. Young") of the Milford Police Department submitted written information to the Milford Police Department regarding alleged misconduct by Plaintiff on July 25, 2018.

15.    On August 24, 2018, an internal investigation into Plaintiff's alleged disciplinary breach  was completed.

16.    On September 24, 2018, after being advised that the disciplinary issue could lead to termination, Plaintiff was presented with a form on which he elected that a Law Enforcement Officer's Bill or Rights ("LEOBOR" as codified at 11 Del. C. § 9200 *et seq.*) hearing be scheduled.

17.    On October 2, 2018, Chief Brown drafted a letter to Plaintiff stating that a hearing before a Disciplinary Hearing Board would convene on October 24, 2018 at 1000 hours.

18.    On October 9, 2018, the Criminal Justice Council notified Chief Brown that it had empaneled a three-person Trial Board pursuant to 11 Del. C. § 9205(b).

19.    On October 12, 2018, less than two weeks before the scheduled hearing, Chief Brown informed Plaintiff that Plaintiff's employment with the Milford Police Department was terminated immediately due to poor performance and repeated lapses in judgment while still on probation.

20.    During the probationary period, an employee may be dismissed from employment for reasons of performance; however, disciplinary cases are subject to the Law Enforcement Officer's Bill of Rights.

21.    On April 4, 2019, Plaintiff filed a Complaint against the City of Milford, Mayor Arthur J. Campbell, and Chief of Police Kenneth L. Brown pursuant

5

to 42 U.S.C. § 1983 alleging a deprivation of a property right in his employment without due process in violation of the Fourteenth Amendment to the United States Constitution, a deprivation of a property right in his employment without due process in violation of Article I section 7 of the Delaware Constitution, and violations of LEOBOR.[1]

22. On or about April 15, 2020, the parties entered into a settlement agreement, and on March 10, 2021, filed stipulation and motion to dismiss Plaintiff's complaint.

23. In May 2020 Plaintiff began submitting applications for employment as a sworn police officer with various police departments in Delaware.

24. On May 27, 2020, Plaintiff emailed Stephen Welch at the DOJ to ensure there were no repercussions to Plaintiff as a result of the alleged incident claimed by the City of Milford Police Department.

25. On May 27, 2020, Stephen Welch responded by email stating he had not seen any proposed additions to the Brady List, but noted they would have to review the case if his office received a referral.

26. In March 2021, after applying for a position with the Delaware State University Police, the officer conducting the background check on Plaintiff told

---

[1] C.A. No. 1-19-cv-00613-CFC

6

Plaintiff that she had contacted the Delaware Council on Police Training ("COPT"), and that the COPT had advised her that they believed Plaintiff to be on the Brady List.

27.     Placing a sworn law enforcement officer on the Brady List effectively forecloses employment opportunities in law enforcement as Police Departments will not hire a police officer whose testimony may be discredited at a criminal trial because of their inclusion on the Brady List.

28.     As of March 2021, Plaintiff had not received, and to date still has not received, notification from the DOJ that he had been placed on the Brady List.

29.     On information and belief, the Milford Police Department had not been notified and still has not been notified of Plaintiff's placement on the Brady List.

30.     Although the DOJ had never notified Plaintiff of his inclusion on the Brady List (nor confirmed Plaintiff's inclusion on the Brady List), on March 8, 2021, in response to a phone call inquiring as to whether Plaintiff was on the Brady List, the DOJ emailed Plaintiff and stated that pursuant to a Delaware Department of Justice policy sent to Delaware Police Chiefs in August 2020, the DOJ would consider a written submission on the matter by the Plaintiff and the Brady Board would consider what weight, if any, should be given to the submitted materials.

31.     On June 15, 2021, Plaintiff emailed a second request to the DOJ for a copy of the determination that placed Plaintiff on the Brady List, any evidence

7

submitted to support Plaintiff's inclusion on the Brady List, a copy of the procedure for placing an officer on the Brady List, and procedures for appealing placement on the Brady List.

32.    Plaintiff did not receive a response from the DOJ.

33.    On October 1, 2021, with no guidance from the DOJ, with no copy of DOJ procedures for placing an officer on the Brady List, and with no copy of DOJ procedures for appealing an officer's placement on the Brady List, Plaintiff submitted a letter to the DOJ requesting Plaintiff's removal from the Brady List and setting forth in detail the reasons why his alleged actions in Milford did not warrant his inclusion on the Brady List.

34.    On November 10, 2021, Plaintiff inquired via email as to the status of his request to be removed from the Brady List.

35.    Having received no response from the DOJ as of March 6, 2022, Plaintiff filed an action in the Superior Court of the State of Delaware requesting the Court issue a Writ of Mandamus ("Mandamus Request") directing the DOJ to remove Plaintiff from the Brady List.[2]

36.    The Mandamus Request outlined the facts pertaining to Plaintiff's inclusion on the Brady List without due process.

---

[2] K22M-03-016-RLG

37. Service of the Mandamus Request was made on Attorney General Kathy Jennings and Chief Deputy Attorney General Alexander Mackler.

38. The Mandamus Request was dismissed without prejudice on June 7, 2022.

39. Because Jennings and Mackler were served copies of the Mandamus Request, each was aware that Plaintiff had been placed on the Brady List without notification or a chance to be heard and were thus aware that Plaintiff's due process rights under the United States and State of Delaware Constitutions had been violated.

40. To date, Plaintiff has been denied and continues to be denied due process as guaranteed by the Fourteenth Amendment to the United Stated Constitution and Article I, section 7 of the Delaware Constitution by being placed on the Brady List without being notified and by being denied the opportunity to defend being placed on the Brady List in a fair and impartial hearing.

41. Pursuant to 29 *Del. C.* § 2502, the DOJ is under the supervision, direction, and control of the Attorney General of the State of Delaware.

42. Attorney General Kathy Jennings, as the highest-ranking member of the DOJ, is a policy maker for the DOJ as contemplated by the laws of the State of Delaware.

43. The Chief Deputy Attorney General is appointed by the Attorney General and is the second-highest member of the DOJ.

44.     Chief Deputy Attorney General Alexander Mackler assists the Attorney General in setting policy and procedure for the DOJ.

45.     On information and belief, the Brady Board consists of an unknown number of DOJ attorneys who determine whether individuals should be placed on the Brady List pursuant to DOJ policy.

46.     Although Jennings and Mackler were aware of Brady Board procedures which deny an individual due process as required by the United States and Delaware Constitutions when placing individual on the Brady List, both Jennings and Mackler ignored the ongoing deprivation of Plaintiff's right to due process by refusing to allow a hearing in which Plaintiff could defend the alleged actions for which the DOJ placed him on the Brady List.

47.     Each John Doe member of the Brady Board participating in the decision to place Plaintiff on the Brady Board failed to provide due process to Plaintiff by placing him on the Brady List without notice or a chance to be heard.

48.     To date, despite requests by Plaintiff, the DOJ has failed to provide a copy of the DOJ's procedures for placing a person on the Brady List or a copy of procedures for appealing placement on the Brady List,

49.     To date, despite requests by Plaintiff for relief from placement on the Brady List, the DOJ, Kathy Jennings, Alexander Mackler, and each John Doe member of the Brady Board continue to deny Plaintiff due process as required by

10

the United States and Delaware Constitutions by refusing to allow a hearing in which Plaintiff could challenge the alleged incident leading to Plaintiff's placement on the Brady List.

50. The actions of the DOJ, of Jennings in her official capacity, of Mackler in his official capacity, and of each John Doe Defendant in their official capacities, were not taken in good faith as each initially failed to provide due process and continues to fail to provide due process to Plaintiff in violation of the United States and Delaware Constitutions.

51. The actions of Jennings, Mackler, and each John Doe member of the Brady Board in their individual capacities were not taken in good faith as each was aware that their actions would lead to a deprivation of Plaintiff's property right in his employment without due process in violation of the Fourteenth Amendment to the United States Constitution and in violation of Article I, section 7 of the Delaware Constitution.

52. By denying Plaintiff his property right in employment without due process as guaranteed by the Fourteenth Amendment to the United States Constitution, Jennings, Mackler, and the John Doe members of the Brady Board chose to follow DOJ procedures rather than follow the higher law of the United States Constitution.

53.    The actions of Jennings, Mackler, and each John Doe member of the Brady Board in their individual capacities were taken with a reckless or callous indifference to Plaintiff's federally protected right to due process under the Fourteenth Amendment to the United States Constitution.

**COUNT I - VIOLATION 42 U.S.C. § 1983 BY DEFENDANTS
IN THEIR OFFICIAL CAPACITIES**

54.    Plaintiff restates and hereby incorporates by reference paragraphs 1 through 53 hereinabove.

55.    By failing to provide a hearing before placing Plaintiff on the Brady List, by failing to provide information on DOJ procedures for placing an individual on or removing an individual from the Brady List, and by continuing to refuse to conduct a hearing to determine whether Plaintiff should continue to be on the Brady List, the DOJ, Jennings in her official capacity, Mackler in his official capacity, and the John Doe Members of the Brady Board in their official capacities have deprived Plaintiff of his property right in employment without due process in violation of the Fourteenth Amendment to the United States Constitution.

56.    As a direct result of the wrongful actions of the DOJ, Jennings in her official capacity, Mackler in his official capacity, and the John Doe Members of the Brady Board in their official capacities, Plaintiff continues to be barred from employment in his chosen profession of sworn police officer.

WHEREFORE, Plaintiff seeks injunctive relief against the DOJ, Jennings in her official capacity, Mackler in his official capacity, and the John Doe Members of the Brady Board in their official capacities in the form of a requirement that the DOJ hold a fair and impartial hearing to determine whether Plaintiff should be included on the Brady List.

## COUNT II - VIOLATION 42 U.S.C. § 1983 BY DEFENDANTS IN THEIR INDIVIDUAL CAPACITIES

57.     Plaintiff restates and hereby incorporates by reference paragraphs 1 through 56 hereinabove.

58.     By failing to provide a hearing before placing Plaintiff on the Brady List, by failing to provide information on DOJ procedures for placing an individual on or removing an individual from the Brady List, and by continuing to refuse to conduct a hearing to determine whether Plaintiff should continue to be on the Brady List, Jennings in her individual capacity, Mackler in his individual capacity, and each of the John Doe Members of the Brady Board in their individual capacities, have deprived Plaintiff of his property right in employment without due process in violation of the Fourteenth Amendment to the United States Constitution.

59.     The actions of Jennings in her individual capacity, Mackler in his individual capacity, and each of the John Doe Members of the Brady Board in their individual capacities were not taken in good faith and were taken with a reckless or

13

callous indifference to Plaintiff's federally protected right to due process under the Fourteenth Amendment to the United States Constitution.

60.    As a direct result of the wrongful actions of Jennings in her individual capacity, Mackler in his individual capacity, and the John Doe Members of the Brady Board in their individual capacities, Plaintiff has suffered damages, including but not limited to monetary loss in the form of loss wages, mental anguish, humiliation, and emotional distress.

WHEREFORE, Plaintiff demands judgment against Jennings in her individual capacity, Mackler in his individual capacity, and the John Doe Members of the Brady Board in their individual capacities for the aforementioned wrongful acts, including but not limited to:

(a)    past lost wages, including interest;

(b)    compensatory damages, including damages for emotional pain and suffering, inconvenience, mental anguish, humiliation, loss of enjoyment of life, and all other non-pecuniary damages;

(d)    punitive damages;

(e)    pre-judgment and post-judgment interest;

(f)    attorney's fees and costs; and

(g)    any other relief, whether legal or equitable, that this Court deems just and appropriate, including but not limited to costs and attorney's fees.

14

## COUNT III - VIOLATION ARTICLE I, SECTION 7
## OF THE DELAWARE CONSTITUTION

61.    Plaintiff restates and hereby incorporates by reference paragraphs 1 through 60 hereinabove.

62.    By failing to provide a hearing before placing Plaintiff on the Brady List, by failing to provide information on DOJ procedures for placing an individual on or removing an individual from the Brady List, and by continuing to refuse to conduct a hearing to determine whether Plaintiff should continue to be on the Brady List, the DOJ, Jennings, Mackler, and each of the John Doe Members of the Brady Board have deprived Plaintiff of his property right in employment without due process in violation of the Article I, section 7 of the Delaware Constitution.

63.    The actions of the DOJ, Jennings, Mackler, and each of the John Doe Members of the Brady Board were not taken in good faith and were taken with a reckless or callous indifference to Plaintiff's right to due process under Article I, section 7 of the Delaware Constitution.

64.    As a direct result of the wrongful actions of the DOJ, Jennings, Mackler, and the John Doe Members of the Brady Board, Plaintiff has suffered damages, including but not limited to monetary loss in the form of lost wages, mental anguish, humiliation, and emotional distress.

15

WHEREFORE, Plaintiff demands judgment against the DOJ, Jennings, Mackler, and the John Doe Members of the Brady Board for the aforementioned wrongful acts, including but not limited to:

(c)     past lost wages, including interest;

(d)     compensatory damages, including damages for emotional pain and suffering, inconvenience, mental anguish, humiliation, loss of enjoyment of life, and all other non-pecuniary damages;

(d)     punitive damages;

(e)     pre-judgment and post-judgment interest;

(f)     attorney's fees and costs; and

(g)     any other relief, whether legal or equitable, that this Court deems just and appropriate including but not limited to costs and attorney's fees.

### COUNT IV – REQUEST FOR A WRIT OF MANDAMUS

65.     Plaintiff restates and hereby incorporates by reference paragraphs 1 through 64 hereinabove.

66.     By failing to provide a hearing before placing Plaintiff on the Brady List, by failing to provide information on DOJ procedures for placing an individual on or removing an individual from the Brady List, and by continuing to refuse to conduct a hearing to determine whether Plaintiff should continue to be on the Brady List, the DOJ, Jennings, Mackler, and the John Doe Members of the Brady Board

16

have deprived Plaintiff of his property right in employment without due process in violation of Article I, section 7 of the Delaware Constitution. As a direct result of the wrongful actions of the DOJ, Jennings, Mackler, and the John Doe Members of the Brady Board, Plaintiff continues to be barred for employment in his chosen profession.

WHEREFORE, Plaintiff respectfully requests this Court issue a Writ of Mandamus directing the DOJ to remove Plaintiff from the Brady List, or alternatively, issue a Writ of Mandamus requiring the DOJ to hold a fair and impartial hearing to determine whether Plaintiff should be included in the Brady List.

SCHMITTINGER & RODRIGUEZ, P.A.

By:  /s/ Gary E. Junge
      GARY E. JUNGE
      Bar I.D. # 6169
      414 South State Street
      P.O. Box 497
      Dover, Delaware 19903-0497
      (302) 674-0140
      Attorney for Plaintiff

Dated: March 1, 2023

17